# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE DAVIDSON, | Civil Action No. 10 – 1742 |
| Petitioner, | |
| v. | District Judge |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| THE SUPERINTENDENT OF S.C.I. MERCER AND THE ATTORNEY GENERAL OF THE PENNSYLVANIA, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 3) be dismissed as moot.

**II. REPORT**

Terrance Davidson ("Petitioner") has petitioned the Court for a writ of habeas corpus, maintaining that he has not yet been released to a community corrections facility despite being granted parole approximately two years prior to filing the instant petition. On March 24, 2011, Respondent answered the petition and provided the Court with the relevant facts of this matter.

A. Factual Background

On March 17, 1998, Petitioner was sentenced to an 8 to 20 year term of incarceration for violating 18 Pa.C.S. § 3121 (Rape). Also on this date, Petitioner was sentenced to two 5 to 10 year terms of incarceration for violating 18 Pa.C.S. § 3123 (Involuntary Deviate Sexual

1

Intercourse). These sentences were ordered to run concurrent to each other. Thus, Petitioner had a controlling minimum sentence date of February 1, 2005, and a controlling maximum sentence date of February 1, 2017.

On February 16, 2005, Petitioner was granted parole to a community corrections center. He was physically released on parole to the center on July 5, 2005.

On November 15, 2006, Petitioner was recommitted for violating the conditions of his parole. His administrative appeal of the recommitment decision was denied on February 22, 2007.

On March 17, 2008, Petitioner was refused parole.

On August 15, 2008, Petitioner was granted parole to a community corrections residency. However, as of the date Petitioner filed his habeas petition in this Court, his parole had not yet been executed and he had not yet been physically released from custody.

At this time, the undersigned takes judicial notice of the fact that Petitioner was released on parole to a community corrections residency on May 14, 2012. This was confirmed through the Pennsylvania Department of Corrections' public records.

B. The Petition is Moot

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. *See*, *e.g.*, Spencer v. Kemna, 523 U.S. 1, 7 (1998); *see also* Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added), citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) and Allen v. Wright, 468 U.S. 737, 750-

751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); In re Overland Park Fin. Corp., 236 F.3d 1246, 1254 (10th Cir. 2001), quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992) for the proposition that a case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party."

Applying the above precepts to this case, the undersigned finds that the petition is moot because Petitioner has already been granted the relief he seeks.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 3) be dismissed as moot.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: September 23, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Terrance Davidson
 DN7320
 801 Butler Pike
 Mercer, PA 16137

 Counsel of Record